```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JOHN D. HOWARD, individually       :
and as assignee of Jaime
Frankfurt, LLC,                    :    12 Civ. 5263 (PGG)(HBP)

                Plaintiff,         :

     -against-                     :    ORDER

GLAFIRA ROSALES, et al.,           :

                Defendants.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated February 19, 2013 (Docket Item 87), defendant Michael Hammer moves pursuant to Fed.R.Civ.P 12(f) for an Order striking the allegations contained in paragraphs 8, 9, 184, 323, 363 and 372 of plaintiff's complaint. Plaintiff alleges in these paragraphs that Hammer, in a conversation with co-defendant Ann Freedman, referred to the source of the paintings in issue in this action as "the goose that's laying the golden egg" (Compl. ¶¶ 8-9).

While this motion was pending, plaintiff filed an amended complaint (Docket Item 179). Thus, to the extent that the Hammer's motion is addressed to the original complaint, it is now moot.

Because the amended complaint contains allegations that are similar (but not identical) to the allegations in the original complaint, I also deem the motion to be addressed to the amended complaint in order to minimize the likelihood of duplicative motion practice.  See Brown v. Aetna Life Ins. Co., No. EP-13-CV-131-KC, 2013 WL 3442042 at *1 n.1 (W.D. Tex. July 8, 2013); see also Impulsive Music v. Pomodoro Grill, Inc., No. 08 Civ. 6293, 2008 WL 4998474 at *1 (W.D.N.Y. Nov. 19, 2008); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 1476 at 638 (3d ed. 2010).

The amended complaint is qualitatively different from the original complaint.  Unlike the original complaint, it does not directly allege that Hammer referred to the source of the paintings as "the goose that's laying the golden egg."  Rather it quotes from a document produced in this action and alleges, as an inference, that Hammer referred to the source of the paintings as "the goose that's laying the golden egg."[1]

---

[1] Specifically, the amended complaint alleges in pertinent part:

> [I]n a fax cover to Hammer dated December 15, 2003, Freedman discussed fallout from the IFAR Report with Hammer (specifically, the willingness of a partner to continue to invest on the work).  Notably, a handwritten note on the reverse side of the fax cover sheet contains the following phrase[] in quotation marks:  "don't kill the goose that's laying the Golden

Hammer moves to strike these allegations as irrelevant. Contrary to Hammer's contentions, the allegations are relevant to several of plaintiff's claims.  If proven, they may tend to show Hammer's knowledge of and assistance in the fraudulent scheme. The paintings in issue were allegedly represented by defendants as having been created by several different famous artists. Hammer's alleged reference to a single source for the paintings and his alleged reference to that source as "the goose that laying the golden egg" may be construed by a fact finder as evidence that Hammer knew of the fraudulent scheme alleged by plaintiff.  The allegations are, therefore, relevant to whether Hammer is liable for aiding and abetting fraud and conspiracy to commit fraud.  Because a party is entitled to plead facts relevant to his claim or claims, there is no basis to strike the allegations.  <u>Lynch v. Southampton Animal Shelter Found. Inc.</u>, 278 F.R.D. 55, 64-65 (E.D.N.Y. 2011); <u>see</u> <u>also</u> <u>Cruz v. Oxford Health Plans, Inc.</u>, 03 Civ. 8863 (LTS)(JCF), 2004 WL 2609528 at *2 (S.D.N.Y. Nov. 17, 2004) (Francis, M.J.).

---

        egg."  Since the notes were taken by Freedman and the notes do not appear to be the words of Rosales, the only reasonable conclusion is that Hammer made those statements.

(Am. Compl. ¶ 90).

Hammer's next assertion -- that Hammer never made the alleged statement -- is also unavailing.  First, unlike the original complaint, the amended complaint no longer directly attributes the statement to Hammer.  Rather, it describes a document and draws an inference that Hammer made the statement. Second, the claim that an allegation is false or inconsistent with other evidence is insufficient to strike the challenged content.  IMG Fragrance Brands, LLC v. Houbigant, Inc., 09 Civ. 3655 (LAP), 2009 WL 5088750 at *2 (S.D.N.Y. Dec. 18, 2009) (Preska, D.J.); Rampersad v. Deutsche Bank Sec., Inc., 02 Civ. 7311 (LTS)(AJP), 2004 WL 616132 at *3-*4 (S.D.N.Y. Mar. 30, 2004) (Swain, D.J.); Velez v. Lisi, 164 F.R.D. 165, 167 (S.D.N.Y. 1995) (Parker, D.J.) ("While these allegations may not pass Rule 11 scrutiny at a later stage in the litigation, [I] cannot say at this time that they have no possible bearing on the subject matter of plaintiff's claim.").

Hammer also fails to argue how the purportedly damaging allegations have prejudiced him.  Hammer claims no ill fame or unfair prejudice arising from the paragraphs at issue.  More importantly, the alleged statement is not prejudicial because it is relatively insignificant in light of the overall fraud alleged in the amended complaint.  Admittedly, the allegation reflects poorly on Hammer's character.  However, "[a] certain degree of

4

negativity of thought and expression is inherent in the nature of this action." Tucker v. Am. Int'l Grp., Inc., 936 F. Supp. 2d 1, 26 (D. Conn. 2013); see also Oram v. Soulcycle LLC, 13 Civ. 2976 (RWS), 2013 WL 5797346 at *12 (S.D.N.Y. 2013) (Sweet, D.J.); 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 at 466-67 (3d ed. 2004) ("It is not enough that the matter offends the sensibilities of the objecting party . . . .").

Accordingly, for all the foregoing reasons, Hammer's motion to strike (Docket Item 87) is denied in all respects. The Clerk of the Court is directed to mark this item closed.

Dated:   New York, New York
         March 12, 2014

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Gregory A. Clarick, Esq.
Emily Reisbaum, Esq.
Isaac B. Zaur, Esq.
Clarick Gueron Reisbaum LLP
40 West 25th Street
New York, New York  10010

Aaron H. Crowell, Esq.
Paul, Weiss, Rifkind,
   Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

John R. Cahill, Esq.
Ronald W. Adelman, Esq.
Paul Cossu, Esq.
Lynn & Cahill, LLP
58 West 40th Street
New York, New York  10018

Nicholas A. Gravante, Jr., Esq.
Boies, Schiller & Flexner, LLP
575 Lexington Avenue
New York, New York  10022

Luke W. Nikas, Esq.
Boies, Schiller & Flexner LLP
4th Floor
10 North Pearl Street
Albany, New York  12207

Anastasios Sarikas, Esq.
Office of Anastasios Sarikas
23-09 31st Street
Astoria, New York  11105

Charles D. Schmerler, Esq.
India DeCarmine, Esq.
Mark A. Robertson, Esq.
Norton Rose Fulbright
666 Fifth Avenue
New York, New York  10103

Silvia L. Serpe, Esq.
Paul W. Ryan, Esq.
Serpe Ryan LLC
11th Floor
1115 Broadway
New York, New York  10010

Steven R. Schindler, Esq.
Schindler Cohen & Hochman LLP
15th Floor
100 Wall Street
New York, New York  10005

Perry M. Amsellem, Esq.
Pryor Cashman LLP

7 Times Square
New York, New York  10036

7 Times Square
New York, New York  10036